R. A. LANSDALE *et al.*, plaintiffs in error, *vs.* PETER F. BROWN *et. al.*, defendants in error.

1. When a bill was filed, seeking the partition of a lot of land between tenants in common, and an account, the complainants claiming seven-eighths and the defendants one-eighth, and fails to show whether the defendants were in possession of a greater portion of the land than their share, or whether said defendants were holding adversely to the complainants, or anything going to show a liability on the part of the defendants, as tenants in common, to account for the rents and profits of the land, a demurrer thereto was properly sustained.

2. If the other allegations in the bill had been sufficient, the number of parties defendant might have been a good ground for equity jurisdiction to prevent a multiplicity of suits.

Equity.    Partition.    Tenants in common.    Multiplicity of suits.    Before Judge CLARK.   Sumter Superior Court. April Adjourned Term, 1873.

Lansdale *et al. vs.* Brown *et al.*

For the facts of this case, see the decision.

C. T. GOODE, for plaintiffs in error.

W. A. HAWKINS ; B. P. HOLLIS, for defendants.

WARNER, Chief Justice.

This case was a bill filed by the complainants against the defendants, praying for a partition of a lot of land in the county of Sumter, the complainants claiming seven-eights of the lot. The defendants demurred to the bill for want of equity, which was sustained by the Court, and the complainants excepted. The object of the bill, as we understand it, (though it is very difficult to say what is the precise object of it, from the confused and imperfect allegations contained therein) is to have a partition of the land between the complainants and the defendants, as tenants in common, the complainants claiming seven-eighths of the land, and the defendants one-eighth thereof, and to have an account and decree against the defendants for the rents and profits of·the land. Whether the defendants are in possession of a greater portion of the land than their one-eighth share would be, on a division, does not appear, nor does it appear that the defendants are holding adversely to the complainants, any more of said land than one-eighth thereof, or that there has ever been any actual ouster of complainants, as tenants in common, by the defendants, or anything going to show a liability on the part of the defendants, as tenants in common with the complainants, to account to them for the rents and profits of the land, nor does the bill clearly and affirmatively show such a state of facts as would entitle the complainants to come into a Court of equity to have a partition of the land.

If the other allegations in the bill had been sufficient, the number of parties defendant might have been a good ground for equity jurisdiction to prevent a multiplicity of suits.

Let the judgment of the Court below be affirmed.